IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHARLES KNIGHT #816507 | § | |
| v. | § | CIVIL ACTION NO. 6:07cv452 |
| BRAD LIVINGSTON | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

  The Plaintiff Charles Knight, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

  Knight's lawsuit complains that there is a conspiracy to kill him, which has gone on for two and a half years, and that he is being stalked by enemies, whom prison officials repeatedly move to whatever unit where he is housed. The issue raised in the complaint was essentially identical to that presented in a previous lawsuit which Knight had filed, styled <u>Knight v. Foxworth, et al.</u>, civil action no. 6:07cv70. In that previous lawsuit, Knight says, as he does in the present one, that he keeps being moved from unit to unit, but prison officials keep moving his enemies along with him. He stated that prison officials allowed his enemies to be housed in cells behind him and to place monitors in his air vents; he testified at an evidentiary hearing that the Mexican Mafia prison gang was monitoring the hearing and was "listening to his thoughts." In other pleadings filed in that case, Knight said that prison officials were allowing gang members to monitor him through a computer in his cell which observes his every movement and monitors his reading, his writing, and his "very thoughts." Knight stated that the officials at the Skyview Unit, a psychiatric facility, are monitoring him through a computer which hooks up to his plumbing through the toilet, and connects to another

1

inmate's cell with a printout screen. Knight explained that the computer was programmed especially for him, in order to read his thoughts, and picks up everything he does for transmission to the other cell; it also builds up a substance in his body which remains for 24 hours.

Other testimony at the evidentiary hearing, as well as Knight's medical records, showed that he had an extensive psychiatric history and has been diagnosed with antisocial personality disorder, psychotic disorder, schizophrenia, impulse control disorder, and major depressive disorder. The previous lawsuit which Knight filed was dismissed on August 22, 2007, and no appeal was taken.

In an amended complaint in the present case, Knight asked for a hearing so that three members of the prison psychiatric staff could testify that he was of sound mind. He again complains that his enemies are being moved behind him and that there is a conspiracy to kill him, and refers to some disciplinary cases which he received. Knight acknowledges that he refused a housing assignment, barricaded his cell door with a mattress, and possessed a weapon, which actions led to his receipt of these disciplinary cases, but appears to raise a defense of necessity. Knight states that he is not seeking monetary damages, but merely wants an order to TDCJ Director Brad Livingston to put a "red flag" on his file so that he can be moved out of state, away from his enemies.

On January 9, 2008, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge stated that Knight had not shown that he was denied due process in the disciplinary cases and that the necessity defense did not apply to prison disciplinary proceedings and that the use of chemical agents during the course of the incident which led to the disciplinary cases was not a constitutional violation. The Magistrate Judge went on to state that the federal district court lacked authority to order that Knight be transferred into federal custody, and that Knight had failed to show that he was entitled to such relief because the evidence shows that the danger of which he complains is a creation of his own mind, best alleviated by resort to psychiatric care rather than a court-ordered transfer into federal custody. The Magistrate Judge therefore recommended that the lawsuit be dismissed.

Knight filed objections to the Magistrate Judge's Report on January 28, 2008. These objections primarily complain that he has not been given access to the law library. He requests that he be allowed to put on testimony that he is of sound mind, although he offers no reason that prison psychiatrists would present such testimony in light of his extensive psychiatric records, and again complains that he has inadequate access to the law library. Knight's objections do not advert to the fact that his lawsuit is largely identical to the one which he filed earlier.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 11th day of February, 2008.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**